**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 94-5210

LEE B. PHILLIPS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-93-331)

Argued: December 8, 1995

Decided: February 5, 1996

Before RUSSELL and HALL, Circuit Judges, and THORNBURG,
United States District Court Judge for the Western District
of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Walter Stephen Booth, Bethesda, Maryland, for Appel-
lant. Stuart A. Berman, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On August 5, 1993, a grand jury for the United States District Court for the District of Maryland returned a twelve count bill of indictment charging the defendant with bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2. He was found guilty on all counts by jury verdict returned December 1, 1993.

Defendant made numerous post-trial motions, all of which were denied by the district court. Most issues raised by these rulings have been abandoned with the exception of challenges to the sufficiency of the evidence, the district court's decision to permit the government to reopen its case, and a jury instruction to which no objection was entered at the time of trial.

For the reasons stated below, the judgment of the lower court is affirmed. Additional facts will be recited as necessary to support or clarify this court's ruling.

We first address the defendant's challenge to the sufficiency of the government's evidence to support the jury's verdict. In reviewing the sufficiency of proffered evidence to support a jury verdict, the analysis must be whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Reavis, 48 F.3d 763 (4th Cir.), cert. denied, 115 S. Ct. 2597 (1995).

Both the government and defendant presented lengthy and comprehensive evidence. Considering this evidence in a light most favorable to the government, a rational jury could find that defendant Phillips conceived and was substantially involved in a scheme to defraud the First National Bank of St. Mary's (FNBSM), a financial institution whose deposits were insured by the Federal Deposit Insurance Corpo-

2

ration (FDIC), from on or about May 1991, through on or about June 1992; that the scheme was to be done and ultimately was accomplished by obtaining a line of credit through FNBSM, and thereafter submitting requests for advancements under the credit line, which requests were supported by false documentation; that the bank honored the fraudulent requests and thereby lost substantial sums of money; that the successful conduct of the scheme involved not only defendant but others with whom he worked; and that from the inception, the scheme to defraud was primarily guided to fruition by the defendant Phillips. Thus, the government's evidence was fully adequate to support a jury finding that the defendant was guilty of the charges laid against him beyond a reasonable doubt.

The nature and extent of defendant's involvement, if any, was disputed by extensive cross examination and his own testimony. The jury had full benefit of all the evidence and ample opportunity to see, hear and consider all contentions of the parties as well as the judge's instructions.

Defendant's argument in sum on this point is that the government's evidence was inaccurate, inconsistent, and unreliable.

> The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.

United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994), cert. denied, 115 S. Ct. 954 (1995) (citations omitted). Therefore, defendant's challenge to the sufficiency of the government's evidence to prove defendant's guilt is overruled.

We next determine whether the lower court committed prejudicial error in permitting the government to reopen its case and introduce additional evidence after having rested its case-in-chief.

After the government rested, defendant moved for judgment of acquittal because the government had failed to prove FNBSM was

3

insured by the FDIC. The district court denied the motion. After the defendant had begun his case, the district court reconsidered and asked for further argument on the point, but made no final decision. The government then requested the district court to permit it to reopen its case to present FDIC certification over defendant's objection. The district court granted the request, but did not take government evidence at that time. These proceedings were had in the jury's absence.

Five days later, after defense counsel stated to the district court that he did not know if he had further witnesses to call, the government asked to present its evidence on the FDIC issue and provide brief rebuttal testimony by calling a single witness. After colloquy between the district court and attorneys, defense counsel stated he had "no objection" to the government's witness proceeding to testify. Defense counsel also did not object to the judge's indication that he would give no jury instruction as to the government's witness being presented out of order.

Inasmuch as defendant lodged a timely objection to the granting of the government's motion to reopen its case, the lower court's decision is reviewed for abuse of discretion. United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991). In evaluating whether that discretion was abused, this court has articulated the following criteria:

> In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. The belated receipt of such testimony should not "imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered."

United States v. Peay, 972 F.2d 71, 73 (4th Cir. 1992), cert. denied, 113 S. Ct. 1027 (1993) (other citations omitted).

4

The learned trial judge as well as counsel were uncertain as to whether the technical evidence to be offered (the FDIC certificate) was necessary since the government's evidence in chief had proved that FNBSM was a financial institution within the meaning of 18 U.S.C. §§ 1344, 2 and 20. The admission of the certificate cured the possibility of error. The evidence was relevant, admissible, technically adequate, and helpful to the jury in determining defendant's guilt or innocence. There was nothing about the character of the evidence or the manner of its admission to distort the importance of the evidence or prejudice defendant's case. In truth, the fact of FDIC insurance was never disputed and as has been noted in a case on point:

> The trial court has some interest in seeing that justice is done and in seeing that all the facts are presented . . . the court's exercise of discretion should not be disturbed. The evidence in question was in effect a formal matter and the defendant ought not to be allowed to utilize the inadvertence in order to gain an unjust result.

United States v. Bolt, 776 F.2d 1463, 1472 (10th Cir. 1985) (citations omitted). The district court did not abuse its discretion in permitting the government to reopen its case to present the FDIC certificate.

The district court also permitted the same government witness to offer rebuttal evidence during the course of his testimony rather than requiring him to return after the defense had rested its case. Since no objection was made to the order of witnesses, and since defense counsel actually consented to the procedure, this decision is reviewed under the plain error standard. United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995); Fed. R. Crim. P. 52(b).

Plain error has been given the following meaning by this court:

> [T]here must be (1) an error, such as deviation from a legal rule; (2) the error must be plain, meaning obvious or, at a minimum, clear under current law; (3) the error must affect substantial rights - in other words, the error must be so prejudicial as to affect the outcome of the proceedings in the district court; and, finally, (4) the reviewing court must

5

determine if the error "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"

Castner, 50 F.3d at 1277 (quoting United States v. Olano, 113 S. Ct. 1770, 1777-79 (1993)) (other citations omitted). Defendant bears the burden of proof with respect to prejudice of his rights. Olano, 113 S. Ct. at 1778.

The defendant has offered no factual basis for his assertion of plain error. His speculation that the sequencing of the government witness, at a time when defense counsel was uncertain as to whether he would call additional defense witnesses, confused the jury and implied that the government witness was a defense witness extends credulity beyond reasonable bounds. At the time the government witness was called, the prosecutor stated to the court and jury,"the United States calls one additional witness, a Mr. Candela." Appellee's Brief at 30. The prosecutor then proceeded to examine the witness. This court will presume jurors compos mentis unless a contrary showing has been made. The district court did not commit plain error either in sequencing the government's witness or in failing (without objection or request from defense counsel) to instruct the jury concerning the sequencing.

Finally, the court addresses the defendant's claim that the district court's "willful blindness" instruction constituted prejudicial error. The defendant did not object to the trial court's instruction during the charge conference or after the instructions were given. Failure to object below once again calls for review pursuant to the plain error standard. United States v. McCaskill, 676 F.2d 995, 1001 (4th Cir.), cert. denied, 459 U.S. 1018 (1982).

The instruction given is taken from 1A L. Sand, et al., Modern Federal Jury Instructions, Instruction No. 44-5, and reads as follows:

> As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant was calculated to deceive and nonetheless, he associated himself with the alleged fraudulent scheme.

6

> The government can also meet its burden of showing that a defendant had actual knowledge of falsity if it established beyond a reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conscious purpose to avoid learning the truth. If the government establishes beyond a reasonable doubt that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statements to be true. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.

Id. (emphasis added).

On appeal, for the first time, the defendant asserts this instruction unconstitutionally shifted the burden of proof to the defendant. This court has already rejected such an argument. United States v. Whittington, 26 F.3d 456, 462 (4th Cir. 1994). The instruction bears no language which could arguably suggest any burden of proof is shifted to defendant.

On appeal, for the first time, the defendant also asserts that such an instruction is improper where the evidence supports both a finding of actual knowledge and a willful blindness to avoid learning the truth. "[W]hen there is evidence of both actual knowledge and deliberate ignorance, as in the case at bar, a willful blindness instruction is appropriate." United States v. Mancuso, 42 F.3d 836, 846 (4th Cir. 1995) (quoting United States v. Schnabel, 939 F.2d 197, 204 (4th Cir. 1991)) (emphasis in original). The record contains abundant evidence to support a jury finding of actual knowledge, as well as a deliberate avoidance. Thus, the instruction was proper.

The defendant has had a fair trial free of prejudicial error. The judgment of the lower court is affirmed.

AFFIRMED

7